UNITED STATES DISTRICT COURT
MDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD SHEMORY,

    Plaintiff,

v.                                                                               Case No. 8:17-cv-2865-T-AAS

NANCY A. BERRYHILL, Deputy
Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## ORDER

Donald Shemory seeks judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties, the Commissioner's decision is **AFFIRMED**.

### I.    PROCEDURAL HISTORY

Mr. Shemory protectively filed a Title II application for a period of disability, DIB, and protectively filed a Title XVI application for SSI on December 4, 2013. (Tr. 258-71). In both applications, Mr. Shemory alleged disability beginning November 8, 2009. *Id.* The claims were denied at both the initial and reconsideration levels, and

Mr. Shemory timely requested a hearing before an ALJ, which was held on April 27, 2016. (Tr. 82-132). The ALJ issued an unfavorable decision to Mr. Shemory on December 21, 2016. (Tr. 30-49). Mr. Shemory then requested review from the Appeals Council, which was denied. (Tr. 1-7). Mr. Shemory timely filed a complaint with this court. (Doc. 1). This case is now ripe for review under 42 U.S.C. § 405(g).

## II. NATURE OF DISABILITY CLAIM

### A. Statement of the Case

Mr. Shemory, who was born in 1976, completed high school, and his past relevant work includes jobs as a nurse assistant, short order cook, and a dishwasher. (Tr. 42). He alleged disability beginning November 8, 2009, due to joint swelling in hands, legs, and feet; heart disease; hypertension; obesity; and cellulitis. (Tr. 261, 294).

### B. Summary of ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c),

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920.

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.910.

2

416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two is a threshold inquiry and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity ("RFC"). "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Peeler v. Astrue*, 400 F. App'x 492, 493 n.2 (11th Cir. Oct. 15, 2010). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work that exists in the national economy, then he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Here, the ALJ determined Mr. Shemory has not engaged in substantial gainful activity since the alleged onset date. (Tr. 35). The ALJ then concluded Mr. Shemory has severe impairments, including, hypertension; chronic lymphedema; recurrent cellulitis; morbid obesity; generalized anxiety disorder (GAD); and post-traumatic stress disorder (PTSD). (Tr. 35). Despite these findings, the ALJ found Mr. Shemory's impairments or combination of impairments failed to meet or medically equal the severity of an impairment included in the Listings. (Tr. 36).

3

The ALJ then determined Mr. Shemory had the RFC to perform "light" work, with these limitations:

> [Mr. Shemory] is able to lift and/or carry 20 pounds occasionally and ten pounds frequently, stand and/or walk two hours in an eight-hour workday, sit for six hours in an eight-hour workday, and push/pull limited to the weights given above. [Mr. Shemory] is able to occasionally climb ramps and stairs, but never ladders, ropes or scaffolds and occasionally kneel, crouch, and crawl. [Mr. Shemory] must avoid concentrated exposure to vibration, hazardous machinery, and unprotected heights. [Mr. Shemory] is able to understand, remember and carry out simple instructions, interact appropriately with supervisors, but only occasionally with coworkers, and not the general public; but he is able to maintain attention and concentration for two hours at a time and adapt to routine changes in the workplace.

(Tr. 37). Based on Mr. Shemory's RFC, and the testimony of a vocational expert ("VE"), the ALJ found Mr. Shemory is unable to perform his past relevant work as a nurse assistant, short order cook, or dishwasher. (Tr. 42). Based on Mr. Shemory's vocational factors and the RFC finding, however, the ALJ found Mr. Shemory can perform other work available in significant numbers in the national economy. (Tr. 42-43). Therefore, the ALJ found Mr. Shemory not disabled. (Tr. 43).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether substantial evidence supports his findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable

4

person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Mr. Shemory raises two issues on appeal: first, whether the ALJ properly evaluated his need for an assistive device (cane); and second, whether the ALJ posed a complete hypothetical to the VE.

#### i. The ALJ properly evaluated Mr. Shemory's need for an assistive device.

Mr. Shemory first raises the issue of whether the ALJ failed to address the opinion of consultative physician, Joseph Dyer, DO, regarding his medical need for a cane. (Doc. 23, pp. 5-7). Specifically, Mr. Shemory argues the ALJ did not explicitly find that a cane was not medically necessary. *Id.* In response, the Commissioner asserts substantial evidence supports the ALJ's assessment of the medical opinion

5

evidence, and the record evidence supports the ALJ's finding that Mr. Shemory did not require use of a cane. (Doc. 28 at pp. 3-8).

Social Security Ruling ("SSR") 96-9p states that, to find a hand-held assistive device is medically necessary, medical documentation must "establish[] the need for a hand-held assistive device to aid in walking or standing, and describ[e] the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7 (1996). The ALJ must consider "all of the available evidence in the individual's record" when making a disability determination. SSR 06-3P, 2006 WL 2329939, at *1, 4 (2006). The determination of the RFC must be "based on all relevant evidence of a claimant's remaining ability to do work despite his impairments." *Brouillette v. Comm'r. of Soc. Sec.*, No. 6:14-cv–259-Orl-DAB, 2015 WL 526823, at *3 (M.D. Fla. Feb. 9, 2015). All relevant evidence includes "all of the relevant medical and other evidence in the record." *Brownell v. Comm'r. of Soc. Sec.*, No. 2:13-cv-173-FtM-DNF, 2014 WL 4809470, at *7 (M.D. Fla. Sept. 26, 2014) (citations omitted). When the record establishes that a claimant needs a hand-held assistive device, the ALJ "must always consider the particular facts of a case" and determine the circumstances under which it is required. SSR 96-9p, 1996 WL 374185, at *7 (1996).

Here, none of the medical records prior to the hearing indicated a cane or any hand-held assistive device was medically necessary.[3] In addition, there was no testimony during the hearing regarding a cane. (Tr. 82-132). Accordingly, none of the hypotheticals posed by the ALJ to the VE included a cane. (Tr. 122-27). Towards the conclusion of the hearing, the ALJ indicated he would like to have Mr. Shemory evaluated by a doctor and a psychologist. (Tr. 128-29).

As such, and subsequent to the hearing, on June 20, 2016, Mr. Shemory presented to the office of William W. Austin, PsyD and Binny Singh, PsyD for a consultative evaluation. (Tr. 39). The thorough evaluation states that "[d]ue to his medical conditions, [Mr. Shemory] has limitations in walking, sitting for long periods of time, and heavy lifting" and discusses his activities of daily living, but does not mention the use of a cane. (Tr. 580-85). Then, on July 23, 2016, Mr. Shemory presented to the office of Dr. Dyer for a consultative physical exam. (Tr. 40). Dr. Dyer's relevant findings included Mr. Shemory did not give good effort during the exam and had an asymmetric, unsteady gait. (Tr. 595). He also noted Mr. Shemory "uses a cane and can walk 30 feet without it, but it is medically necessary." *Id.* Dr. Dyer identified "morbidly obese, poor balance" as the findings supporting this assessment. (Tr. 599). However, in discussing Mr. Shemory's right knee and right ankle pain, Dr. Dyer reviewed July 12, 2016 x-rays of the right ankle, right foot, right knee, and right lower leg and noted the lack of significant abnormalities shown other

---

[3] On April 4, 2014, Mr. Shemory expressly denied the need for a cane or other assistive device. (Tr. 317).

7

than mild osteoarthritis of the right knee and right ankle. (Tr. 597). He further noted Mr. Shemory was able to squat and rise from that position with difficulty; was able to rise from a sitting position without assistance; and his joints were not tender to palpation. (Tr. 596-97).

While a *treating source* opinion should generally receive great weight when well supported by medically accepted clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence of record, and an ALJ should give "good reasons" for the weight given to the treating source opinion, in this case there are no opinions from treating physicians that Mr. Shemory is disabled, has limitations greater than those determined in the decision, or medically needs the assistance of a cane. (Tr. 41). *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); SSR 96-2p, 1996 WL 374188, at *4 (1996); *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). Moreover, there is no comparable articulation burden for evaluating the opinions of non-treating sources, and the opinions of one-time examiners, such as Dr. Dyer, are not entitled to any special deference or consideration. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *see also Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013)[4] (holding ALJ does not have to defer to opinion of doctor who conducted a single examination).

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

8

Moreover, in assessing the claimant's RFC, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985); *accord Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding."). As such, the opinion of a single physician is not determinative of the claimant's RFC. *See id.*; *see also Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."). Accordingly, while the ALJ's RFC determination must be supported by substantial evidence, the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor." *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010).

Here, the ALJ adequately considered the particular facts of this case and the extent to which a cane was medically necessary. *See* SSR 96-9p, 1996 WL 374185, at *7 (1996). In considering Dr. Dyer's evaluation, the ALJ expressly addressed Dr. Dyer's opinion that Mr. Shemory required use of a cane. (Tr. 40). Specifically, the ALJ found noteworthy that "[Mr. Shemory] did not give good effort during the examination and he walked with a cane at this exam although he did not require a cane one month earlier at the psychological evaluation." (Tr. 40). The ALJ further noted Mr. Shemory's joints were not tender to palpation upon Dr. Dyer's examination. The ALJ gave Dr. Dyer's opinion moderate weight reasoning that Dr. Dyer had not

9

fully accounted for all Mr. Shemory's impairments, subjective complaints, or somewhat credible testimony. (Tr. 41). Although the ALJ did not explicitly find that a cane was not medically necessary, the ALJ adequately considered, addressed, and discounted Dr. Dyer's finding that a cane was medically necessary in his RFC determination.

In light of the foregoing, substantial evidence in the record, including the medical evidence and Mr. Shemory's testimony, supports the ALJ's RFC and disability determinations. Thus, reversal is not required.

### ii. The ALJ posed a complete hypothetical to the VE.

Mr. Shemory argues the ALJ's hypothetical to the VE was incomplete because it did not include the medical device limitation addressed above. (Doc. 23, pp. 7–8). A hypothetical question need contain only limitations that are supported by the record. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (stating "the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"). Because additional medical device limitations were not warranted, they were properly not included in hypothetical to VE. Therefore, the ALJ properly relied on the VE's testimony in response to a hypothetical question that did not include medical device limitations to find Mr. Shemory could perform jobs existing in significant numbers in the national economy. (Tr. 42-43). *See* 20 C.F.R. §§ 404.1566(e), 416.966(e); *Winschel v. Comm'r of Soc. Sec.*, 631 F .3d 1176, 1180 (11th Cir. 2011) (noting VE testimony in response to

hypothetical that accounts for all of claimant's impairments constitutes substantial evidence).

IV. **CONCLUSION**

The decision of the Commissioner is supported by substantial evidence and does not contain reversible error. Accordingly, and upon consideration, it is **ORDERED** that:

(1) the decision of the Commissioner is **AFFIRMED,** and the case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2) the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on January 31, 2019.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge